61 F.3d 916
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Tunde O. SOSANYA, Plaintiff--Appellant,
v.
Bob ANTHONY, Commissioner; Jim Proctor; Larry Schroeder;
Edwin Farrar; George Mathai; George Kiser;
Oklahoma Corporation Commission,
Defendants--Appellees.
 No. 94-6431.
D.C. No. CIV-93-2214-L.
 United States Court of Appeals,
Tenth Circuit.
 July 31, 1995.
 
 Before TACHA, LOGAN, and KELLY, Circuit Judges.
 ORDER AND JUDGMENT[1]
 TACHA, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 The Oklahoma Corporation Commission (the OCC) fired plaintiff in 1991. Plaintiff appealed his dismissal to the Oklahoma Merit Protection Commission (the OMPC), contending that the OCC discriminated against him because of race and had violated other rules. After holding an evidentiary hearing, the OMPC found that no discrimination had occurred. Nevertheless, it ordered that plaintiff be reinstated on other grounds. The OCC filed suit in Oklahoma district court to vacate the reinstatement, and the state court ultimately reversed plaintiff's reinstatement.
 
 
 3
 Plaintiff then filed an action under 42 U.S.C.1981 and 1983 in federal court,[2] alleging racial discrimination. The district court granted defendants summary judgment. Plaintiff now appeals.
 
 
 4
 The district court held that this case was governed by University of Tennessee v. Elliott, 478 U.S. 788 (1986). Elliott held that "when a state agency acting in a judicial capacity ... resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate, federal courts must give the agency's factfinding the same preclusive effect to which it would be entitled in the State's courts." Id. at 799 (internal quotation marks and citation omitted). Because the state agency in this case determined that no discrimination occurred, we agree with the district court that this holding mandates judgment for defendants. We therefore AFFIRM for substantially the reasons stated by the district court.
 
 
 5
 The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Plaintiff also filed a claim under Title VII. He conceded to the district court, however, that this action was barred by the statute of limitations. Accordingly, we will not consider this issue